IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL CLAUDIO-RIVERA,

          Plaintiff,

v.                                              ORDER

FRANK BISIGNANO,[1]                       23-cv-47-amb
*Commissioner of Social Security*,

          Defendant.

---

      This is an action for judicial review of the Social Security Administration's denial of Daniel Claudio-Rivera's application for disability benefits. After the parties stipulated to a remand, Dkt. 13, Claudio-Rivera received a favorable decision from the commissioner.[2]

      Dana Duncan, counsel for Claudio-Rivera, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 22. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Counsel represents that 25 percent of past benefits awarded is $18,712.50, but he requests less

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] This case was originally assigned to Magistrate Judge Stephen L. Crocker, and the parties consented to that assignment. Dkt. 4. After Judge Crocker retired, the case was reassigned to Magistrate Judge Anita Marie Boor, and the parties have consented to the reassignment. Dkt. 24.

than that: $13,035.³  He is limiting his request to keep his effective hourly rate at $550.  He previously received a fee award under Equal Access to Justice Act (EAJA) totaling $5,700.  Dkt. 21.

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court will award Attorney Duncan the amount he has requested.  Neither Claudio-Rivera nor the commissioner has objected to the motion, it's undisputed that Duncan is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate ($550) exceeds that charged by other attorneys in the field.  So the court will approve a representative fee in the gross amount of $13,035.  In accordance with the court's past practice, the court will allow counsel to retain the EAJA award, and the court will subtract the EAJA award from the amount awarded in this order.

---

³ The documents from the agency submitted by counsel do not state the total amount of past benefits awarded to Claudio-Rivera, only the amount held in reserve for fees.  *See* Dkt. 21-2, at 5.  But the parties appear to agree that the amount held in reserve represents 25 percent of the total.

ORDER

IT IS ORDERED that:

1. Attorney Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 22, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $13,035.

3. Counsel may retain the $5,700 previously awarded in EAJA in partial satisfaction of the § 406(b) award.

4. The net amount of $7,335 shall be disbursed by the commissioner from any of Claudio-Rivera's past-due benefits being withheld and in accordance with agency policy.

Entered February 17, 2026

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge